**IN RE: Willie L WILSON and Sylvia E Wilson, Debtors.**

**Case No. DK 16–04363**

United States Bankruptcy Court, W.D. Michigan.

Signed May 10, 2017

Robert J. Pleznac, Pleznac & Associates/Attorneys, Kalamazoo, MI, Steven L. Rayman, Rayman & Knight, Kalamazoo, MI, for Debtors.

Dean E. Rietberg, Trial Attorney, Office of the U.S. Trustee, Grand Rapids, MI, for Trustee.

Brett Border, Free Bankruptcy Evaluation PLLC, Southfield, MI, Shawn C. Drummond, Crystal L. Price, Robert J. Shefferly, Trottlaw, P.C., Farmington Hills, MI for Creditor.

PRESENT: HONORABLE SCOTT W. DALES Chief United States Bankruptcy Judge

## ORDER

SCOTT W. DALES, United States Bankruptcy Judge

The court has reviewed the Debtors' Motion to Defer Entry of Discharge, their third request for this relief (the "Third Motion," ECF No. 51).

Given the strong policy favoring a prompt fresh start, and the relationship between the entry of the discharge and other provisions of the Bankruptcy Code,[1] the court reads Fed. R. Bankr. P. 4004(c)(2) as authorizing only two deferral motions: the first for thirty days, and the second "to a date certain," provided the

---

1. For example, the deferral of the discharge extends the duration of the automatic stay. *See, e.g.,* 11 U.S.C. § 362(c)(2)(C). Indirectly, therefore, deferral adversely affects the rights of holders of non-dischargeable debts, such as the substantial student loans listed on the Debtors' schedules.

second is filed within the initial thirty-day period. Because Rule 4004(c)(2) does not expressly limit the "date certain" to a particular period, a debtor seeking a second extension would be well-advised to ask for a date certain sufficiently far into the future to accommodate the reason for the deferral.

The Debtors have exhausted their opportunity for deferral of discharge, so the court will deny the Third Motion.

Although Rule 4004(c) directs the court to enter the discharge "forthwith" after the deadlines for objecting to discharge or moving to dismiss under § 707(b), nothing in this Order should be construed as directing the Clerk to enter a discharge before satisfaction of all other prerequisites to entry, some of which, admittedly, are within a debtor's control. *See, e.g.,* Fed. R. Bankr. P. 4004(c)(1)(G) & (H).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Third Motion (ECF No. 51) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter the discharge immediately upon the satisfaction of the conditions prescribed in Rule 4004(c)(1).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005–4 upon Willie L. Wilson and Sylvia E. Wilson, Steven L. Rayman, Esq., Stephen L. Langeland, Esq., chapter 7 trustee, and the United States Trustee.

**IT IS SO ORDERED.**